IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMOUS D. NETTLES,

    Petitioner,                    No. CIV S-02-0527 GEB JFM P

    vs.

A. A. LAMARQUE, et al.,

    Respondents.                FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims his due process rights were violated in connection with a prison rules violation hearing on May 9, 1997, which resulted in a disciplinary violation and a one-year sentence in the secure housing unit and the loss of time credits. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be dismissed as untimely.

I. <u>Timeliness of Petition</u>

        In the answer to the petition respondent argues that the instant petition is barred by the statute of limitations contained in 28 U.S.C. § 2244(d). This court agrees that the petition is untimely and will recommend that it be dismissed.

/////

A.  Statute of Limitations and Tolling Provision Under the AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v.Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in cu$^1$stody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In an earlier order in this case, the court noted that the statute of limitations contained in 28 U.S.C. § 2244(d)(1) might not apply to this action because petitioner is challenging a prison rules violation determination and not a state court judgment.  See order filed February 27, 2004.  However, subsequent to that order the United States Court of Appeals for the

Ninth Circuit held that the AEDPA one-year limitation period applies to all habeas petitions filed by persons in custody pursuant to a state court judgment, even if the petition challenges a pertinent administrative decision rather than a state court judgment.  Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (challenging a prison disciplinary proceeding).  See also White v. Lambert, 370 F.3d 1002, 1007 (9th Cir.2004) (holding that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction).  Accordingly, the AEDPA one-year statute of limitations applies to this case.

     B.  Factual Background

         For purposes of statute of limitations analysis, the relevant chronology of this case is as follows:

         1.  After a May 9, 1997 hearing, petitioner was convicted of a disciplinary violation.  (Answer, Ex. D.)

         2.  Petitioner filed an administrative appeal of his disciplinary conviction, which was denied by the second level of review in a written decision and returned to petitioner on May 20, 1998.  (Answer, Ex. H.)

         3.  Petitioner did not seek the highest level of administrative review.  (Answer, Ex. G.)

         4.  On May 25, 2000, petitioner filed a civil action in this court, in case No. CIV S-00-1158 GEB GGH P, alleging that his due process rights were violated in connection with the disciplinary action at issue in the instant habeas petition.  See Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978) (judicial notice may be taken of court records), aff'd, 645 F.2d 699 (9th Cir. 1981).  That action was dismissed with leave to amend on May 24, 2001.  The

/////

/////

/////

action was later dismissed with prejudice pursuant to petitioner's request by order dated August 6, 2001.[1]

5. Petitioner filed a petition for writ of habeas corpus in the California Superior Court on June 28, 2001. (Answer, Ex. J.) That petition was denied by order dated July 27, 2001. (Id.)

6. The instant petition for writ of habeas corpus was filed March 13, 2002.

C. Analysis

In this case, the limitations period begins to run pursuant to 28 U.S.C. § 2244(d)(1)(D), on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Shelby, 391 F.3d at 1066. Petitioner could have discovered the factual predicate of his claim when his administrative appeal of the disciplinary finding was rejected and returned to him on May 20, 1998. Accordingly, the statute of limitations commenced to run on May 21, 1998. Redd v. McGrath, 343 F.3d 1077, 1081-82 (9th Cir. 2003).

Petitioner's next filing occurred on May 25, 2000, when petitioner filed a civil action in this court. Even assuming arguendo that this filing was eligible to toll the statute of limitations, the one year period allowed by AEDPA had already run. Petitioner's federal habeas corpus petition was received for filing in this court on March 13, 2002, well after the one-year period of limitation had run. Petitioner does not claim entitlement to equitable tolling of the statute of limitations and there is no basis for such a finding in the record before this court.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed as untimely.[2]

---

[1] Petitioner previously filed a civil rights action in this court in 1996, in case No. CIV S-96-2194 DFL JFM P. However, that action was filed prior to the disciplinary conviction challenged here and does not affect the statute of limitations analysis in this case.

[2] In light of this court's recommendation that the petition be dismissed as untimely, the court will not reach petitioner's substantive claims or respondent's arguments that the petition is

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

008:nettles527.hc

---

unexhausted and procedurally barred.